IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMAINE PURDY,** | : | **CIVIL ACTION NO. 1:05-CV-1294** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PENNSYLVANIA PUBLIC UTILITY COMMISSION,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Presently before the court is a motion by defendant Pennsylvania Public Utility Commission ("Commission"), to dismiss the Title VII and gross negligence claims brought by plaintiff Romaine Purdy ("Purdy"). The Commission's motion presents three arguments in support of dismissal. First, the Commission argues that Purdy failed to serve process within the time limits prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. Second, the Commission argues that Purdy failed to file her complaint within the time limits prescribed by Title VII. Finally, the Commission argues that Purdy's gross negligence claim is barred by the Pennsylvania Worker's Compensation Act. For the reasons that follow, the motion will be granted in part and denied in part.

I. **<u>Statement of Facts</u>**[1]

Purdy was formerly employed by the Commission. (Doc. 1 ¶ 3.) Purdy alleges that from December, 2002 until June, 2003, she was subjected to acts of discrimination by the Commission and several of its employees on the basis of her race. (Doc. 1 ¶¶ 10, 33.) These acts included: (1) prohibiting Purdy from viewing her daily work log, (2) addressing her in an unprofessional manner, (3) requiring her to file a leave slip to obtain coffee during her workday, (4) changing her job classification and overtime assignments, and (5) following her to the bathroom during bathroom breaks. (Doc. 1 ¶¶ 16, 36.) Purdy further alleges that she informed the Commission of this discrimination, but the Commission failed to remedy the situation. (Doc. 1 ¶¶ 11, 12.)

In addition to her allegations of discrimination, Purdy asserts that the Commission was "grossly negligent" in the management of its business. (Doc. 1 ¶ 43.) This mismanagement extended to the hiring, training, and supervision of employees and to the investigation of reports of discrimination. (Doc. 1 ¶¶ 43-47.)

After informing the Commission of these problems, Purdy filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"). (Docs. 1 ¶ 17, 11 ¶ 1.) At some point thereafter, the Commission allegedly retaliated. (Doc. 1 ¶ 17.) Purdy alleges

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. <u>See</u> infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

that she received a right-to sue-letter from the EEOC on March 28, 2005. (Doc. 11 ¶ 1.) She then commenced the instant action on June 27, 2005. (See Doc. 1.)

On November 10, 2005, Purdy filed a motion for an extension of time to serve her complaint. (See Doc. 5.) The motion was granted by an order of court dated November 16, 2005. (See Doc. 6.) The court directed Purdy to effect service by November 25, 2005, and she did so on November 23, 2005. (See Docs. 6, 7.)

The Commission filed the instant motion to dismiss (Doc. 8), arguing that: (1) Purdy's complaint should be dismissed because she failed to effect service within 120 days of filing, (2) Purdy's complaint is time-barred because she failed to file it within ninety days after receipt of her EEOC right-to-sue letter, and (3) Purdy's gross negligence claim is barred by the Pennsylvania Workers' Compensation Act. (See Doc. 8.) The motion has been fully briefed and is ripe for disposition.

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman,

38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

#### A. Timeliness of Purdy's Service of Process

The Commission argues that Purdy's complaint should be dismissed for failure to effect service within 120 days of filing, as required by Rule 4(m) of the Federal Rules of Civil Procedure. However, the court afforded Purdy an enlargement of time to serve her complaint. (See Doc. 6.) Purdy effected service two days before the deadline specified by the court. (See Doc. 7.) Therefore,

service was proper, and the Commission's motion to dismiss on grounds of improper service will be denied.

### B.     Timeliness of Purdy's Complaint

The Commission argues that Purdy's Title VII claims are time-barred because Purdy failed to file the complaint within the period mandated by Title VII. See 42 U.S.C. § 2000e-5(f)(1). The enforcement scheme established under Title VII contemplates a two-tier review process. Before applying to federal courts for relief, potential claimants must submit their claims to the appropriate state and federal agencies, in this case, the PHRC and the EEOC. See id. § 2000e-5(c), (d). Following termination of the agencies' review, which is often indicated by issuance of a right-to-sue letter, the claimant may file an action in federal district court. See id. § 2000e-16(c).

Should the claimant choose to file an action in federal court, she must do so within ninety days of receipt of her right-to-sue letter from the EEOC. See id. § 2000e-5(f)(1).[2] Courts have construed this ninety-day requirement as a statute of limitations, rather than as a jurisdictional prerequisite.[3] Figueroa v. Buccaneer

---

[2] Although the statutory language provides a plaintiff ninety days to initiate a civil action after the EEOC *gives notice* of the plaintiff's right-to-sue, this language has been construed liberally to give a plaintiff ninety days from *receipt* of her right-to-sue letter in which to file a complaint. Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 252 (3d Cir. 1986) (interpreting 42 U.S.C. § 2000e-5(f)(1)).

[3] The Commission's motion to dismiss is based, in part, upon lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). (See Doc. 8.) Given that the ninety-day filing requirement is not jurisdictional, this argument is inapposite.

Hotel, Inc., 188 F.3d 172, 176 (3d Cir. 1999). As such, the defendant bears the burden to prove that the plaintiff failed to comply with the ninety-day requirement. Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108 (3d Cir. 2003) (characterizing the ninety-day requirement as an affirmative defense).

In the matter *sub judice*, the Commission has failed to meet its burden of proof. The Commission avers, without support, that the EEOC issued Purdy's right-to-sue letter on March 22, 2005, making Purdy's complaint four days late.[4] (See Doc. 8 ¶¶ 5, 8.) However, Purdy contends that she did not receive the right-to-sue letter until March 28, 2005, making her complaint timely. (See Doc. 11 ¶ 1.) Given that the Commission has offered no proof of the right-to-sue letter's issue date,[5] the court must accept as true the receipt date alleged by Purdy. Accordingly, the Commission's motion to dismiss the Title VII claims on grounds that the complaint was not timely filed will be denied.

---

[4] Absent evidence to the contrary, the court will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it. See FED. R. CIV. P. 6(e); Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 n.2 (3d Cir. 1986) (stating that the Supreme Court has suggested that Rule 6(e) is applicable to determine the date of receipt).

[5] Given the current limitations of the record, the timeliness issue is better suited for disposition in a motion for summary judgment.

### C. <u>Validity of Purdy's Gross Negligence Claim</u>

The Commission seeks dismissal of Purdy's gross negligence claim on grounds that, as a state tort claim[6] arising in the context of an employment relationship, it is barred by Pennsylvania's Workers' Compensation Act ("WCA"). <u>See</u> 77 PA. CONS. STAT. ANN. § 481(a). Purdy fails to offer any argument to support her gross negligence claim. Accordingly, the court concludes that Purdy abandoned this claim. <u>See</u> <u>D'Angio v. Borough of Nescopeck</u>, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (noting that abandonment of a position is tantamount to waiver).

Furthermore, even if Purdy's actions did not constitute abandonment of the claim, she has failed to allege facts sufficient to bring her claim outside the purview of the WCA. Generally, the WCA immunizes employers from all negligence actions that arise out of an employment relationship. <u>Matczak v. Frankford Candy & Chocolate Co.</u>, 136 F.3d 933, 940 (3d Cir. 1997) (citing 77 PA. CONS. STAT. ANN. § 481(a)). For a negligence action to survive, a plaintiff must prove that the action falls within an exception to the WCA. <u>Groff v. Southland Corp.</u>, 956 F. Supp. 560, 562-63 (M.D. Pa. 1997). One such exception, the "personal animus" exception, preserves an employee's negligence claim if her injuries were inflicted by a co-worker "for purely personal," and not work-related, reasons. <u>Id.</u>; <u>see</u> <u>also</u> 77 PA.

---

[6] State tort claims, including the gross negligence action asserted by Purdy, are governed by the substantive law of Pennsylvania. <u>Matczak v. Frankford Candy & Chocolate Co.</u>, 136 F.3d 933, 940 (3d Cir. 1997).

CONS. STAT. ANN. § 411(1).  To meet this exception, a plaintiff must plead sufficient facts to overcome the presumption that injuries sustained in the workplace are work-related.  Krasevic v. Goodwill Indus. of Cent. Pa., Inc., 764 A.2d 561, 565 (Pa. Super. Ct. 2000).

In this case, Purdy has not averred any facts to suggest that her alleged injuries were anything other than work-related.  In fact, her allegations of negligence by the Commission all relate to routine work practices, such as workplace and employee management.[7]  Accordingly, the Commission's motion to dismiss the gross negligence claim will be granted, without prejudice to Purdy's right to file an amended complaint averring facts sufficient to support this claim.

**IV.   Conclusion**

Purdy served process within the enlarged period allowed by the court.  Therefore, the motion to dismiss for untimely service will be denied.  There is no evidence of record that the complaint was filed outside the ninety-day period mandated by Title VII.  Hence, the motion to dismiss the Title VII claims on this ground will be denied.  However, the gross negligence claim is barred by the WCA, and the motion to dismiss this claim will be granted.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        September 14, 2006

---

[7] Purdy alleges that the Commission was negligent in: (1) managing agency business; (2) hiring, training, and supervising employees; and (3) investigating reports of discrimination.  (Doc. 1 ¶¶ 43-47.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMAINE PURDY,** | : | **CIVIL ACTION NO. 1:05-CV-1294** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **PENNSYLVANIA PUBLIC UTILITY COMMISSION,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 14th day of September, 2006, upon consideration of the motion to dismiss (Doc. 8), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion to dismiss (Doc. 8) is GRANTED in part and DENIED in part as follows:

1. The motion to dismiss (Doc. 8) is GRANTED with respect to the gross negligence claim.

2. Plaintiff shall be permitted to file, on or before September 26, 2006, an amended complaint averring facts sufficient to support a gross negligence claim that is not barred by the Pennsylvania Workers' Compensation Act. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). In the absence of a timely filed amended complaint, the matter shall proceed on the remaining claims.

3. The motion to dismiss (Doc. 8) is otherwise DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge