IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROMAINE PURDY,** | : | CIVIL ACTION NO. 1:05-CV-1294 |
| **Plaintiff** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **PENNSYLVANIA PUBLIC UTILITY** | : | |
| **COMMISSION,** | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 23rd day of August, 2007, upon consideration of defendant's motion to quash (Doc. 37), seeking removal from the docket of the correspondence from plaintiff dated August 20, 2007, and it appearing that such correspondence has been removed from the docket, it is hereby ORDERED that the motion to quash (Doc. 37) is DENIED as moot.[1]

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Defendant's proposed order also requests that the court enter judgment in its favor. While the order of court dated August 20, 2007 (Doc. 36) deemed defendant's motion for summary judgment (Doc. 33) unopposed, this does not relieve the court of its obligation to evaluate the merits of defendant's motion for summary judgment. See FED. R. CIV. P. 56(e) ("If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." (emphasis added)); see also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) ("Even though Rule 56(e) requires a non-moving party to 'set forth specific facts showing that there is a genuine issue for trial', it is 'well-settled . . . that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond.'"); Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 484 (M.D. Pa. 1998) ("[T]he district court may not grant a motion for summary judgment . . . solely because the motion is unopposed; such motions are subject to review for merit."). Accordingly, defendant's request for entry of judgment is premature.