IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROMAINE PURDY,** | : CIVIL ACTION NO. 1:05-CV-1294 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **PENNSYLVANIA PUBLIC UTILITY COMMISSION,** | : |
| **Defendant** | : |

# ORDER

AND NOW, this 30th day of October, 2007, upon consideration of defendant's motion for summary judgment (Doc. 33), and of the order of court (Doc. 36) dated August 20, 2007, deeming defendant's motion for summary judgment (Doc. 33) unopposed and the corresponding statement of facts (Doc. 30) admitted because plaintiff failed to file a brief in opposition or responsive statement of material facts within the time limits provided by local rule,[1] see L.R. 7.6 (providing that a party who fails to file a brief in opposition to a motion "shall be deemed not to oppose such motion"); see also L.R. 56.1 (stating that the moving party's statement of facts pursuant to a motion for summary judgment will be deemed "admitted unless controverted" by the opposing party), and it appearing that the court must review

---

[1] By order dated August 6, 2007 (Doc. 34), the court specifically advised plaintiff of her obligation to file a brief in opposition and a responsive statement of material facts on or before August 13, 2007. The order further advised plaintiff that, if she did not comply, defendant's motion for summary judgment would be "deemed unopposed" and defendant's statement of material facts would be "deemed admitted." (See Doc. 34.)

the merits of defendant's summary judgment motion despite the fact that it is unopposed, see FED. R. CIV. P. 56(c); Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 484 (M.D. Pa. 1998) ("[T]he district court may not grant a motion for summary judgment . . . solely because the motion is unopposed; such motions are subject to review for merit."); see also FED. R. CIV. P. 56(e) ("If the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." (emphasis added)), and the court finding that plaintiff's complaint asserts disparate treatment, hostile work environment, and retaliation claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), and that each of plaintiff's claims requires her to prove that she suffered discrimination *because of* her race, see Johnson v. Keebler-Sunshine Biscuits, Inc., No. 06-3219, 2007 WL 215801, at *2 (3d Cir. 2007) (discussing *prima facie* case for disparate treatment claim); Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001) (same for retaliation claim); Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001) (same for hostile work environment claim), but that plaintiff admits that she has no proof that any of her supervisors' actions were motivated by race,[2] and the court further finding that both

---

[2] Plaintiff's claims of race discrimination are premised upon the actions of supervisors Jim McNulty, Barbara Barbush, and Lisa Milletics. (See Doc. 30 ¶¶ 3, 9, 12, 15.) However, plaintiff has proffered no evidence to suggest that the actions of any of these supervisors were prompted by her race. To the contrary, plaintiff admits that McNulty treated her poorly because she suspected McNulty of stealing from their employer and that Milletics treated her poorly because Milletics "simply did not like her as an individual." (Id. ¶¶ 8, 19.) With respect to Barbush's alleged misconduct, plaintiff testified, "I cannot say it was because of my race." (Id. ¶ 14.)

disparate treatment and retaliation claims require proof that the plaintiff was subjected to an adverse employment action, see Johnson, 2007 WL 215801, at *2; Weston, 251 F.3d at 430, but that plaintiff admitted that she was not terminated from her position with defendant and has failed to proffer evidence to suggest that she suffered from any other adverse employment action (see Doc. 30 ¶ 1), it is hereby ORDERED that:

1. The motion for summary judgment (Doc. 33) is GRANTED. See FED. R. CIV. P. 56(e); see also L.R. 56.1.

2. The Clerk of Court is directed to enter JUDGMENT against plaintiff Romaine Purdy and in favor of defendant Pennsylvania Public Utility Commission on all claims.

3. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge